IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|                           |   |           |
|---------------------------|---|-----------|
| PAUL J. MARTIN,           | ) |           |
|   Plaintiff,              | ) |           |
|   v.                      | ) | 1:05CV00731 |
| PATRICK INDUSTRIES, INC., | ) |           |
|   Defendant.              | ) |           |

MEMORANDUM OPINION

OSTEEN, District Judge

Defendant Patrick Industries, Inc., a manufacturer and distributor of building materials, employed Plaintiff Paul J. Martin as a salesperson in its North Carolina facility for nearly 30 thirty years. Defendant terminated Plaintiff's employment claiming that Plaintiff fraudulently submitted altered or fraudulent receipts for reimbursement. In response, Plaintiff filed an action against Defendant alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). Defendant now moves for summary judgment on all claims.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a 56-year-old male, began working for Defendant as a salesperson in 1976. He started his career selling manufactured homes and eventually switched to the industrial vinyl sales division. As part of his compensation, Plaintiff could submit expense requests to Defendant in order to recoup the costs of travel, meeting with clients, and other expenses associated with a sales position. In December 2004, Plaintiff submitted expense reimbursement requests that caught the attention of Renee Carlson, the division controller. According to Ms. Carlson, Plaintiff's reimbursement submissions raised a red flag because his receipts had the vendor information torn off and he supported his requests using blank check stubs. Ms. Carlson brought her concern to the attention of Michael Reitgraf, the controller, who mentioned it to John Schramm, the vice president of industrial sales.

After scrutinizing Plaintiff's reimbursement requests, Mr. Reitgraf conducted a further investigation. He initially sought a review of Plaintiff's expense reports for 2004 and the beginning of 2005 in order to determine whether or not Plaintiff regularly submitted inappropriate reimbursement requests. Mr. Reitgraf's investigation uncovered numerous instances where Plaintiff submitted reimbursement requests using expired credit cards, changing the expiration date of credit cards, and removing

2

the top of receipts to eliminate their origin.  This information
was supplied to Mr. Schramm, who brought it to the attention of
the company's president and human resources director.  These
individuals decided to allow Mr. Schramm to meet with Plaintiff
in order to determine whether there was a legitimate explanation
for his activity.

Mr. Schramm met with Plaintiff in March 2005.  When
questioned, Plaintiff admitted that he submitted fraudulent
receipts, but claimed he produced those in place of actual
receipts that he had lost.  After Plaintiff's admission, Mr.
Schramm decided to terminate his employment.  In order to fill
Plaintiff's position, Mr. Schramm hired Greg Parman, a 49-year-
old man, and Don Lydic, a 60-year-old man.

As a result of Mr. Schramm's decision to terminate
Plaintiff, Plaintiff filed a charge of discrimination with the
Equal Employment Opportunity Commission ("EEOC"), in which he
claimed that his termination resulted from his complaint that
Defendant paid a younger less experienced female a salary
comparable to his.  He also alleged that Mr. Schramm's decision
to terminate him violated Title VII and the ADEA.  The EEOC
dismissed Plaintiff's claim, at which point Plaintiff filed a
complaint in this court.  Plaintiff's complaint alleges four
counts against Defendant: (1) that Defendant desired to replace
him with a younger unqualified female and terminated Plaintiff as

3

a pretext for gender discrimination in violation of Title VII, (2) that his termination under the same circumstances also violates the ADEA because Defendant's decision was also a pretext for age discrimination, (3) that Defendant retaliated against Plaintiff for filing an EEOC complaint by appealing his right to unemployment compensation, and (4) that Defendant terminated Plaintiff in order to interfere with his benefit rights in violation of ERISA.

**II. LEGAL STANDARD**

Summary judgment is appropriate where an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that no genuine issues of material facts exist, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552 (1986). If the moving party has met that burden, then the nonmoving party must persuade the court that a genuine issue remains for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a <u>genuine issue for trial</u>."

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356 (1986) (citations & footnote omitted) (quoting Fed. R. Civ. P. 56). In considering a motion for summary judgment, the court is not to weigh the evidence, but

4

rather must "determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). The court must view the facts in the light most favorable to the nonmovant, drawing inferences favorable to that party if such inferences are reasonable. <u>Id.</u> at 255, 106 S. Ct. at 2513. However, there must be more than a factual dispute; the fact in question must be material, and the dispute must be genuine. Fed. R. Civ. P. 56(c); <u>Anderson</u>, 477 U.S. at 248, 106 S. Ct. at 2510. A dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

### III. ANALYSIS

#### A. Gender Discrimination under Title VII

In his complaint, Plaintiff maintains that Defendant terminated his employment on account of his gender in violation of Title VII. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2 (2006). In order to establish a prima facie case of discrimination under Title VII, a plaintiff must show by a preponderance of the evidence that: (1) he is a member of a protected class; (2) he was discharged; (3)

5

at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) that he was replaced by someone not in a protected class. Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58, n.2 (4th Cir. 1995) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973)).

The Fourth Circuit applies the McDonnell Douglas scheme of proof in Title VII claims in instances "where the defendant disavows any reliance on discriminatory reasons for its adverse employment action." Ennis, 53 F.3d at 57-58 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973)).[1] Under the McDonnell Douglas test, the plaintiff bears the burden of production and must establish a prima facie case of discrimination by the preponderance of the evidence. Runnebaum v. NationsBank of Md., 123 F.3d 156, 164 (4th Cir. 1997) (citation omitted). After meeting this burden, Plaintiff creates a rebuttable presumption that the employer unlawfully discriminated against him. Id. (citation and internal quotations omitted). Then, the employer must set forth legitimate non-

---

[1] The court uses the McDonnell Douglas approach in light of the fact that Plaintiff cannot demonstrate that Defendant possessed discriminatory animus. In fact, Defendant is credited with hiring two males above the age of forty. The Fourth Circuit allows for a strong inference that discrimination was not the determining factor in an adverse employment action when "the hirer and the firer are the same individual." Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991).

6

discriminatory reasons for its action which would "support a finding that unlawful discrimination was not the cause for the employment action." Id. (citations and internal quotations omitted).

Once the employer provides a legitimate non-discriminatory reason for its action, the presumption of discrimination "drops from the case," and the plaintiff must show that the articulated reason is a pretext for discrimination. Id. (citing Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 255, 101 S. Ct. 1089, 1094-95 (1981)). In cases like these, the plaintiff still bears the burden of proof, meaning that summary judgment is appropriate unless he presents adequate evidence that the employer unlawfully discriminated. Id. (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-11, 113 S. Ct. 2742, 2747-49 (1993)). In order to defeat summary judgment, a plaintiff must offer more than mere unsupported speculation. Ennis, 53 F.3d at 62. There must be evidence on which the jury could reasonably find for the plaintiff because "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." Runnebaum, 123 F.3d at 164 (citation and internal quotations omitted).

In this case, the evidence offered by Plaintiff does not establish a prima facie case of gender discrimination. Though true that he was in a protected class, was meeting his employer's

7

expectations,[2] and was discharged, Plaintiff cannot demonstrate that he was replaced by someone outside the protected class. Plaintiff attempts to make a case by claiming that Defendant's decision to hire Gina Swing roughly a year prior to his termination is evidence of discriminatory animus. Defendant, however, filled the position created by Plaintiff's departure with two males. Such a decision does not lead to the conclusion that Defendant discriminated against Plaintiff based on gender.[3] Accordingly, the court will grant Defendant's motion as to this claim.

**B. Age Discrimination Claim**

Courts analyze age discrimination claims under the same burden-shifting framework used to resolve other discrimination cases. Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006). The elements for a prima facie case in an age discrimination case are identical to those used in a gender discrimination case. See Bauer v. Albemarle Corp., 169 F.3d 962, 966 (5th Cir. 1999) ("The same evidentiary procedure for allocating burdens of production and proof applies to discrimination claims under both [Title VII

---

[2] Note that "meeting expectations" is an assumption here based on Plaintiff's sales without considering the appropriateness of the inaccurate invoices.

[3] Assuming arguendo that Plaintiff could establish a prima facie case of gender discrimination, his fraudulent submission of reimbursement requests was a sufficient non-discriminatory reason to terminate Plaintiff's employment.

8

and the ADEA]."). In order to establish a prima facie case of unlawful age discrimination, a plaintiff must show that "(1) he is a member of the protected class; (2) he was qualified for the job and met [the employer's] legitimate expectations; (3) he was discharged despite his qualifications and performance; and (4) following his discharge, he was replaced by a substantially younger individual with comparable qualifications." Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 513 (4th Cir. 2006) (citing O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312-13, 116 S. Ct. 1307, 1310 (1996).

Plaintiff's age discrimination claim, like that of his gender discrimination claim, fails to satisfy the fourth element required for a prima facie case. The employees hired in place of Plaintiff are both in the same protected age category as Plaintiff, one of whom is actually older. Though Defendant hired others to work for the company who were younger than forty years old, the fact that Plaintiff was directly replaced by two men over forty strongly supports a conclusion that Plaintiff's termination was unrelated to his age. Accordingly, the court will grant Defendant's motion on this claim.

**C. Retaliation**

In order to establish a prima facie case for retaliation, a plaintiff must prove: "(1) that he engaged in a protected activity; (2) that his employer took an adverse employment action

against him; and (3) that there was a causal link between the two events." EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405-06 (4th Cir. 2005). If the employer provides a non-retaliatory reason for its action, the burden shifts to the plaintiff to show that the employer's proffered reason is pretextual and that the employer's motivation was retaliatory. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). In order for his retaliation claim to survive summary judgment, Plaintiff must show a causal link between his worker's compensation claim filing and Defendant's adverse action against him. EEOC, 424 F.3d at 405-06. Plaintiff must offer some substantial evidence to support this claim because "[his] own self-serving opinions, absent anything more, are insufficient to establish a prima facie case." Mackey v. Shalala, 360 F.3d 463, 469-70 (4th Cir. 2004).

In this case,[4] Plaintiff alleges that Defendant appealed his claim for unemployment compensation in response to the charge of discrimination Plaintiff filed against Defendant. During the time of the appeal to the North Carolina Unemployment Commission, however, Defendant withdrew its challenge and Plaintiff ultimately received unemployment benefits. Though this fact

---

[4] Plaintiff also claims that Defendant retaliated against him for complaining that a female employee was being compensated at the same rate he was, despite being younger and less experienced. Plaintiff, however, cannot show that there was a causal link between his complaint and subsequent termination. Additionally, Defendant had a sufficient non-retaliatory reason for terminating Plaintiff.

10

alone calls into question whether Plaintiff suffered a materially adverse or significant harm, <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, __ U.S. __, 126 S. Ct. 2405 (2006), the court can decide this issue on other grounds.

Assuming that Plaintiff establishes a prima facie case of retaliation, the court must then follow the <u>McDonnell Douglas</u> stages of proof analysis used for discrimination claims. <u>EEOC</u>, 424 F.3d at 400, 405-06. Under this framework, a defendant can overcome a prima facie showing of retaliation by articulating "a legitimate, non-retaliatory justification for the adverse employment action." <u>Id.</u> at 405 (citation omitted). Then the plaintiff must "demonstrate that the non-retaliatory reason advanced by the defendant is a mere pretext." <u>Id.</u> (citation omitted). As mentioned above, Defendant stated its decision to terminate Plaintiff's employment was based upon Plaintiff's submission of fraudulent reimbursement receipts. Plaintiff has not been able to advance any facts to the contrary. Accordingly, Defendant chose to contest Plaintiff's application for unemployment compensation on the same ground—that termination for fraudulent behavior might not entitle Plaintiff to unemployment compensation. Therefore, Defendant's motion will be granted as to the retaliation claims.[5]

---

[5] The court acknowledges that Plaintiff raised a secondary retaliation claim based on a gender discrimination complaint.
(continued...)

11

### D. Interference with ERISA Rights

Plaintiff claims that Defendant chose to terminate his employment in order to interfere with his ERISA rights in violation of ERISA § 510, 29 U.S.C. § 1140. Courts analyze § 510 claims under the same <u>McDonnell Douglas</u> standard. Though there are numerous reasons why Plaintiff's § 510 claim should fail, the most compelling reason is that Defendant had a legitimate reason for terminating Plaintiff's employment.

Plaintiff may disagree with the court's reasoning in this opinion and claim that Defendant's proffered reason is merely a pretext for Defendant's desire to hire young and/or female employees in his place that are "young [and] attractive" rather than "[o]ld, fat and bald." (Def.'s Mot. Summ. J. Ex. A at 156.) It might seem counterintuitive for Defendant to fire one of its top salespersons over what amounts to a relatively small sum of forged reimbursement requests, but the court is not in the position to judge whether or not Defendant's decision was a wise one. See <u>Hawkins v. PepsiCo, Inc.</u>, 203 F.3d 274, 279 (4th Cir. 2000) ("[W]hen an employer gives a legitimate, nondiscriminatory reason for discharging the plaintiff, it is not [the court's] province to decide whether the reason was wise, fair, or even

---

[5](...continued)
Since Defendant had a legitimate reason for discharging Plaintiff, summary judgment is appropriate for that claim as well.

correct, ultimately, so long as it truly was the reason for the plaintiff's termination.") (citation and internal quotations omitted). Defendant's actions subsequent to Plaintiff's termination indicate an intolerance for submitting false reimbursement requests. If Defendant was not serious about maintaining a proper procedure for submitting reimbursement expenses, then Defendant would not have fired another employee for the same activity, or taken the time to create a more uniform standard for submitting requests. Since Plaintiff "cannot show that [Defendant's] stated reasons for terminating [him] were not the real reasons for [his] discharge," the court will grant Defendant's motion for summary judgment. Id.

## IV. CONCLUSION

For the reasons stated above, the court will grant Defendant's Motion for Summary Judgment.

An order and judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 13th day of March 2007.

_____
United States District Judge

13